F. M. RUSSELL *et al.* v. WILLIAM GREGG *et al.*

1. TRIAL—*Submission to Jury*—*No Error*.   Where the court refuses to
   submit to the jury a certain question asked by the defendant, and
   the substance of the question is submitted to the jury in other ques-
   tions and answered, *held*, not error; and, *further held*, that where
   there is no dispute between the parties to the suit in relation to the
   subject-matter of the question, it is not error for the court to refuse
   to submit it to the jury.

2. ———— *Amendment of Answer*.   It is not error for the court to re-
   fuse to let a defendant amend his answer by adding a new defense,
   after the cause is partly tried.

3. ———— *Evidence.*   It was not error for the court to refuse to allow
   the defendants to prove that the plaintiffs were not the owners of
   the note sued on, there being no such issue in the case.

*Error from Shawnee District Court.*

ACTION by *Gregg* and others against *Russell* and others on
a promissory note.   Verdict for plaintiffs at the September
term, 1888.   New trial denied, and judgment entered for
plaintiffs.   The defendants bring the case here.

*J. G. Waters*, for plaintiffs in error:

The court instructed the jury as follows:

"If you find from the evidence that the consideration of
the note sued on was the surrender of two other promissory
notes held by the plaintiffs, and that the plaintiffs agreed to
surrender these notes to the defendants in consideration that

the defendants would make and deliver the note sued on, and that plaintiffs have refused to surrender said notes according to contract or agreement between the plaintiffs and defendants, then the note sued on is without consideration and the defendants are entitled to a verdict in this case."

After such an instruction as this, the defendants had the right to have submitted to the jury for answer the following question of fact: "What was the entire consideration of the note sued on?" The court refused to submit this question, and the defendants excepted.

If this was not error, nothing could be. The court instructed the jury that if the surrender of the notes was the consideration plaintiffs could not recover, and then refused to let us ask the question to find out, and in the face of the statute which makes it obligatory on him to do so.

We asked the court on the trial to add to our answer the defense that the plaintiffs were not the owners of the note. The court refused to allow it, and we excepted. We then offered to prove by Mrs. David Noel that the plaintiffs had no ownership or title in the notes. The court refused to allow us to prove this, and we excepted. We asked this in the interest of substantial justice, and it ought to have been allowed.

*Vance & Campbell,* for defendants in error:

At the request of Russell, this question of fact was submitted to the jury: "Did not the plaintiffs at the time of the delivery of the note sued on refuse to carry out the contract and surrender the two $1,000 notes. . . ." They answer: "No." Under the long-established rule of this court, such finding, followed by the general verdict and judgment in Gregg's favor, is decisive of the question and settles that issue in favor of Gregg.

In view then of the issue, and the only issue joined by the pleadings, and the full and fair instructions of the court, there was no error in refusing the question cited in Russell's brief as to what the consideration was. Besides, the same question

was substantially asked of and answered by the jury in special questions 8 and 9.

Opinion by STRANG, C.: Action on a promissory note. Defense, failure of consideration. F. M. Russell and David Noel purchased a patent-right of Gregg and others, and gave them two notes of $1,000 each in payment therefor. When these notes matured Russell and Noel refused to pay them, upon the ground that the patent-right for which they gave them was worthless. A compromise was effected by the parties, whereby it was agreed that if Russell, Noel having died, would deliver at the law office of Vance & Campbell a note signed by himself and other parties agreed upon for $440 by a day named, Gregg would surrender the notes for $1,000 each, and accept the note for $440 in settlement of the indebtedness between them. Gregg placed the two original notes in the hands of Vance & Campbell for the purpose of carrying out the agreement if Russell performed his part. Russell executed the note for $440, and procured the signatures thereto of the other parties who were to sign it. He lived in the country some distance, and the day before he was to deliver the note at the office of Vance & Campbell his wife was taken sick and he was unable to leave her. He, however, sent the note in by the physician who was called to see his wife, who took it to the office where it was to be delivered, but finding neither Vance nor Campbell in, he left it with one Crumrine, who officed at the same place. Gregg went to the office of Vance & Campbell in the evening, but they had not yet returned to their office; and believing that Russell had failed to perform, he left a line on Mr. Vance's desk, saying that as Russell had failed to deliver the new note on time he preferred to consider the compromise off, and forbade their accepting the new note, and directed them to hold the old notes. Gregg left that evening for Ohio. The next day Vance & Campbell learned that Russell had delivered the new note in time, according to the agreement. A few days after, Russell called on Vance & Campbell, who showed him the line Gregg

had left at their office.    Russell claimed he had delivered the
new note on time and was entitled to the old notes.    Vance &
Campbell agreed with him, but told him that Gregg thought
otherwise; for him to leave all the notes with them and they
would at once write and explain to Gregg, and then it would
all be right.    To this suggestion Russell assented.    Vance &
Campbell wrote Gregg explaining the situation to him.    He
replied, but either still thought, or assumed still to think, that
Russell had failed in his agreement, and offered to take $440
in cash.    Vance & Campbell then offered the new note back
to Russell, but he declined taking it, claiming he was entitled
to the old notes.    Again Vance & Campbell asked him to
leave the notes with them, to which he consented; and they
wrote Gregg that Russell had complied with his part of the
contract, and that it was nonsense for him to talk about an-
other compromise; that he must carry out the one already
made.    Gregg waited a long time before responding to this
letter.    In the meantime the matter lay dormant until about
the time the new note was becoming due.    Russell desired an
extension, saw Vance & Campbell about it, and finally wrote
Gregg for an extension.    No extension was granted, and no
payment made; and some three months after the new note was
due, suit was brought on it.    At the trial, the defendants
claimed that the old notes had never been delivered up to
them, and that the consideration for the note sued on had
failed.    Vance & Campbell claimed they had never refused
to deliver up the old notes, and that after the commencement
of this suit they had tendered them to Russell.    The case
was tried by a jury, which returned a verdict for the plaintiffs.
The jury also made special findings of fact.    Motion for new
trial was overruled, and the case brought here for error.

    The plaintiffs in error complain of the action of the court
in refusing to submit the following question to the jury:
" What was the entire consideration of the note sued on?"
We think the substance of this question is covered by other
questions submitted to and answered by the jury.    Besides,
there was no dispute over the question as to what constituted

the consideration of the note sued on. It was contended by both parties to the case that the consideration of said note was the compromise and surrender of two notes of $1,000 each, held by Gregg and others against Russell and Noel. The plaintiffs say that the court instructed the jury that, if the consideration of the note sued on was the surrender of the two $1,000 notes, and the plaintiffs refused to surrender them, then the note sued on was without consideration. Plaintiffs also say that the jury found that the two $1,000 notes were to be delivered up to Russell, on the delivery of the note sued on; and that the jury further found that the two $1,000 notes were not surrendered up when the note sued on was delivered; and that therefore the verdict should have been for the defendants below. This argument ignores all that transpired between Vance & Campbell and Russell. It ignores the fact that Gregg went away believing that Russell had failed to comply with the agreement on his part, and that Gregg's instructions to Vance & Campbell, on his leaving, were based upon that belief. It ignores the fact that Vance & Campbell showed the letter of instruction left by Gregg to Russell, and that they agreed with him that he had performed his part of the agreement and was entitled to the surrender of the two notes, but that they would like to have him leave the notes with them until they could communicate with their client and inform him of the condition of things, and that Russell assented to that arrangement. And it ignores the further fact that the notes were afterward, and before the trial of this suit, tendered to Russell, and that the jury, in answer to the tenth question, say the plaintiffs below did not refuse to carry out the contract and surrender up the two $1,000 notes. Taking all these matters into consideration, we do not think the case should be reversed on account of anything that appears in this assignment of error. The evidence shows that the notes were held by Vance & Campbell by consent of Russell, at least until suit was brought, and then they were tendered to him. The fact that Russell was asking Vance & Campbell to aid him in securing an ex-

tension of time on the new note, and that he wrote Gregg for such extension, recently before said note became due, and while all the notes were still in the hands of Vance & Campbell by his consent, shows that he was still relying on the compromise.   If he had got an extension of time on the note, it is altogether likely there would have been no trouble.   We think there is sufficient evidence in the record to support the finding of the jury that the plaintiffs did not refuse to surrender up the two notes.

The court below committed no error in refusing the defendants below leave to set up a new defense after the case was partly tried. (Gen. Stat. of 1889, ¶ 4222.)

There was no error in refusing to let Mrs. Noel testify that the plaintiffs had no interest in the notes sued on.   There was no issue of that kind in the case, and the evidence should be confined to the issue, or the issues, in the case.

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.